

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Eliza Carmen Rodriguez**
Assistant U.S. Attorney
Eliza.Carmen.Rodriguez@usdoj.gov
(503) 727-1040
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 6, 2025

Peyton Lee, AFPD
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

      Re:    *United States v. Jakob Joshua Stickney*, Case No. 3:24-cr-00479-AN

Dear Counsel:

This letter will set forth the government's plea offer in this case.

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to plead guilty to Count One of the Information, which charges him with Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b) and Count Two of the Information, which charges him with the sexual exploitation of children in violation of 18 U.S.C. § 2251(a).

3.     **Penalties**: Count One carries a maximum penalty of life imprisonment, a mandatory minimum of 10 years, a $250,000 fine, a term of supervised release of five years to life, and a $100 fee assessment. Count Two carries a maximum penalty of thirty years, a mandatory minimum of 15 years, a $250,000 fine, a term of supervised release of five years to life. Defendant will be required to pay restitution to Minor Victim 1, Minor Victim 2, and Minor Victim 3. Under 18 U.S.C. § 3014(a), these offenses carry an additional $5,000 fee assessment for non-indigent persons. Under 18 U.S.C. § 2259A(a)(2), the Court can impose an additional assessment of up to $35,000. *In addition, defendant will be required to register as a sex offender.* Defendant agrees to pay the $100 fee assessment by the change of plea hearing or explain to the Court why he cannot do so. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.     **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration

Peyton Lee
Re: Stickney Plea Agreement Letter
Page 2
January 3, 2024

current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration no later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5.      **Dismissal/No Additional Prosecution**: In exchange for the defendant's guilty plea, the USAO will move at the time of sentencing to dismiss any remaining counts against defendant and will neither file nor seek any other new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case. The government is aware of both Multnomah County and Clark County investigating some of the actions of Mr. Stickney. However, it is our understanding that neither county is filing charges against Mr. Stickney. The USAO does not anticipate charges in any other federal jurisdiction where the victims are residing.

6.      **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, from on or about September 5, 2023 and continuing to on or about September 9, 2023, in the District of Oregon and elsewhere, defendant did use any facility of interstate and foreign commerce, that is a computer connected to the internet, to knowingly persuade, induce, entice, and coerce an individual, Minor Victim 1 (MV1),

Second, defendant believed such individual was less than eighteen years of age; and

Third, defendant could have been charged with a criminal offense for engaging in the specified activity, specifically ORS 163.375.

In order for defendant to be found guilty of Count Two of the Information, the government must prove the following elements beyond a reasonable doubt:

First, that on or about August 25, 2023, in the District of Oregon and elsewhere, defendant knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victims 2 and 3 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct,

Second, at that time, Minor Victims 2 (MV2) and 3(MV3) were both less than eighteen years of age; and

Third, defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or that such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting

Peyton Lee
Re: Stickney Plea Agreement Letter
Page 3
January 3, 2024

interstate or foreign commerce, or that it was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which he is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant agrees that the government can prove each of the following facts beyond a reasonable doubt at trial:

On or about September 5, 2023, Defendant met MV1, an 11-year-old child, and began to direct message on Discord, a phone chat application that utilizes the internet. Defendant represented that he was a seventeen-year-old boy who lived near Portland and he was aware of how old MV1 was. The messages between the two were sexually explicit, however MV1 did not understand much of what the defendant said. Defendant initially used grooming techniques, but then engaged in more blatant sexual language. Defendant described "games" that he intended to play with MV1 – all of which were sex acts explained in a child-like way. As they both lived in the same area, defendant began coordinating and planning so they could meet up. It was clear from defendant's messages that he intended to have sexual contact with MV1 during this meeting.

On or about September 9, 2023. MV1 sent her address to defendant and described a local lake near her house. She said that she would sneak out while her parent was gone so that they could meet at the lake. They set the date for September 9, 2023. Defendant sent a screenshot of his location and indicated that he was on his way to Portland. MV1 snuck out of her house so that she could meet him across the street. Adult Witness 1 discovered the plan and intervened, preventing the two from meeting.

A cybertipline from the National Center for Missing and Exploited Children was submitted from Discord for a chat that occurred between defendant and a nine-year-old child, MV2. Defendant was aware of her age and represented that he was a seventeen-year-old boy. The two messaged each other on the platform from August 21, 2023 until September 27, 2023. These messages were sexually explicit and contained grooming language. During this chat, Defendant became aware that MV2 had a sibling, 13-years-old MV3. Defendant actively persuaded and enticed MV2 to have sexual intercourse with MV3.

On August 25, 2023, Defendant asked about the two having sexual intercourse. Defendant initially asked to video call during the sex act, but then he was unavailable because he was at work. Instead, MV2 recorded the sex act and transmitted it to defendant through the internet via the Discord application.

Defendant's conduct took place in the District of Oregon.

7.     **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range pursuant to the United States Sentencing Guidelines (USSG), then

Peyton Lee
Re: Stickney Plea Agreement Letter
Page 4
January 3, 2024

determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Guideline Application**: The parties agree that defendant's relevant conduct, as defined in USSG § 1B1.3, includes all the unlawful conduct alleged in each count of the original indictment and the Information. The parties agree that the following guideline calculations presently apply:

**For Coercion and Enticement:**
- Base offense level [USSG § 2G1.3(a)(3)] .................................................. 28
- Knowing misrepresentation of identity [§ 2G1.3(b)(2)] ............................... +2
- Use of computer [§ 2G1.3(b)(3)] ................................................................. +2
- Minor had not attained 12 years [§ 2G1.3(b)(5)] ......................................... +8
- Repeat and Dangerous Sex Offender [§ 4B1.5] ........................................... +5
- **Adjusted offense level** .......................................................................... **45**

**For Sexual Exploitation of Children:**
- Base offense level [USSG § 2G2.1(a)] ......................................................... 32
- Minor had not attained 12 years [§ 2G2.1(b)(1)] .......................................... +4
- Commission of a Sex Act [§ 2G2.1(2)(A)] ................................................... +2
- Knowingly engaged in distribution [§ 2G2.1(b)(3)] ..................................... +2
- Sadistic and Masochistic [§ 2G2.1(b)(4)] .................................................... +4
- Repeat and Dangerous Sex Offender [§ 4B1.5] ........................................... +5
- **Adjusted offense level** .......................................................................... **49**

Except as provided below, the parties agree that no additional specific offense characteristics or cross-references as set forth in USSG §§ 2G1.3(c) or (d) and no aggravating or mitigating factors as set forth in USSG Chapter Three presently apply to this case.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility for his unlawful conduct in this case. If defendant does so, the USAO agrees to recommend a three-level reduction for acceptance of responsibility under USSG § 3E1.1. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Additional Departures, Adjustments, or Variances**: The parties agree that a downward variance of up to four levels below the guideline range determined by the Court is appropriate based on several factors, including defendant's participation in treatment and early resolution.

Peyton Lee
Re: Stickney Plea Agreement Letter
Page 5
January 3, 2024

11. **Joint Sentencing Recommendation**: Provided defendant accepts responsibility and fulfills all his obligations under this agreement, the parties are jointly recommending a sentence of 264 months. The parties may each seek any term of supervised release within the statutory range under 18 U.S.C. § 3583(k).

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the U.S. Probation Office. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the Court and the U.S. Probation Office of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the District Court, either prior to or at sentencing. If defendant fails to raise a breach claim in District Court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: The Court shall order restitution to MV1, MV2 and MV3 in the full amount of their losses as determined by the Court.

Peyton Lee
Re: Stickney Plea Agreement Letter
Page 6
January 3, 2024

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence that might have originally been imposed if the Court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the USAO may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

Defendant agrees to fully disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**17.** **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. Defendant agrees that no officer, employee, or agent of the United States has threatened or coerced him to induce him to accept this offer.

Peyton Lee
Re: Stickney Plea Agreement Letter
Page 7
January 3, 2024

18. **Deadline**: This plea offer expires if not accepted by **January 30, 2025**, at **5:00pm**.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Eliza Carmen Rodriguez*
ELIZA CARMEN RODRIGUEZ
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

1/23/25
Date

JAKOB JOSHUA STICKNEY
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/23/25
Date

PEYTON LEE
Attorney for Defendant