WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
**ELIZA CARMEN RODRIGUEZ, NYSB #5645379**
Assistant United States Attorney
Eliza.Carmen.Rodriguez@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:24-cr-00479-AN |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JAKOB JOSHUA STICKNEY,** | |
| **Defendant.** | |

### Introduction

Hiding behind a computer screen and the false identity of a seventeen-year-old boy, Jakob Joshua Stickney was able to groom children to send him made-to-order child sexual abuse material over the span of three months in 2023. Stickney befriended these children online on various platforms and convinced them to join his Discord group "Unholy Girls" – where they would trade self-produced sexually explicit videos. To gain entry to the group, defendant requested that they make a video of themselves performing sex acts. Through this scheme, defendant was able to gather many videos of child pornography. However, online remote production was not enough to sate him. On September 9, 2023, he planned to meet with Minor

**Government's Sentencing Memorandum**                                                                                       **Page 1**

Victim 1 (MV1) so that he could sexually assault her. Defendant's plan was foiled by the minor's parent – leading to his capture and arrest. This incident led to the discovery of the entirety of defendant's illicit online activity – which included the production of child pornography with four additional victims and spanned four states.

Defendant will be before this Court for sentencing on April 9, 2025, after pleading guilty to Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(b), and to the Sexual Exploitation of Children, in violation of Title 18, United States Code, Section 2251(a). The parties jointly recommend a 246-month sentence. The government requests that the term of imprisonment be followed by a lifetime term of supervised release. The government also recommends a $100 special assessment.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Offense Conduct

In September 2023, defendant met MV1, an 11-year-old girl, on the internet, he went by the username was "unholy_22x" (PSR ¶ 18). He befriended her by telling her that he was 17 years old and, like her, lived in Portland, Oregon (*Id*). MV1 told defendant that she was "below 17" (*Id*). Their conversation was sexually explicit, but MV1 was very naïve and often didn't understand the sexual language used by defendant (*Id*). Defendant groomed her, explaining sexually explicit terms in words that she could understand:

> **Defendant:** I'm gunna [sic] give you an orgasm
> **MV1:** What's that?
> **Defendant:** Its when that tingling feeling when you rub your pussy gets so intense that your body shakes and you feel like everything is amazing

He convinced her to meet up with him (PSR ¶ 20). MV1 believed that they would play games (*Id*). It is clear from their conversation on Discord, spanning from September 5, 2023,

until the day they met, that defendant's games were actually sex acts. Defendant explained these sex acts to MV1 as if they were games:

> **MV1:** what kind of games are they?
> **Defendant:** Ones [sic] called tingle time and you'll see how long we an both watch some cool videos before we're all tingly

Another game would involve him lying on the ground while MV1 bounced on top of him to prevent him from getting up (PSR ¶ 21). He explained that she could "win the game faster" if she "put up the flagpole" – which was located inside the defendant's pants (*Id*).

He convinced her to meet up with him (PSR ¶ 20). They decided on the early hours of September 9, 2023 (PSR ¶ 22). MV1 sneaked out of the house while Defendant told her his exact location (*Id*). Defendant parked his van outside of MV1's house and waited for her to meet him (*Id*). Her parent intervened, threatening defendant and informing him that she had called the police (*Id*). She also got a partial plate on the van. Defendant fled the scene and remained unidentified.

In October 2023, law enforcement was given a National Center for Missing and Endangered Children (NCMEC) Cybertipline report from Discord regarding an instance of online child enticement that occurred on that application stemming from the conversation between defendant and MV1. That report contained critical information that allowed defendant's identification, such as the email address connected to the "Unholy_22x" Discord handle (PSR ¶ 31). That information revealed defendant had been connected to many more reports of child pornography possession and online child enticement on various platforms. This led to defendant's arrest on November 17, 2023 (PSR ¶ 32). Defendant's cell phone was seized, which contained his Discord account and the entirety of his conversation with MV1 (*Id*).

Defendant's Discord account and phone contained evidence of his online activity and the extent of his online child exploitation. Defendant created and maintained a Discord group called "Unholy girls" (PSR ¶ 87). This group was comprised of minor girls that defendant had met online. He groomed them, convincing them to exchange sexually explicit videos for entry into "Unholy girls" (*Id*). This group contained MV1 along with other minor children. Minor Victim 2, MV2, was one of the members of the group.

From August 21, 2023 until October 21, 2023, defendant exchanged sexually explicit messages with MV2, a 10-year-old girl living in Missouri (PSR ¶ 23). She told him her age and he lied to her that he was 17 years old (*Id*). Defendant sent her many photos of his erect penis, videos of himself engaging in sexual intercourse with a 17-year-old girl, videos of himself masturbating, and suspected child pornography (*Id*). Defendant requested numerous times for her to send videos of herself involved in sex acts (PSR ¶ 24). She sent him videos of herself nude and performing sex acts (*Id*). He sent a video of a 15- to 18-year-old girl inserting a hairbrush into her anus and requested that MV2 do the same (*Id*). She refused (*Id*).

Defendant also began messaging MV2's stepbrother, Minor Victim 3 (MV3). MV2 told defendant that MV3 was 13 years old (PSR ¶ 25). Defendant began asking for videos of MV2 and MV3 engaging in sex acts:

> **Defendant:** You two ever fool around?
> **MV2:** Why u [sic] asking
> **Defendant:** Because I'd like to watch
> **Defendant:** Ok set up your camera so I can see the bed and have him lay on his back. Then you'll climb on top and sit on it

Shortly after this request, MV2 sent defendant a video of herself attempting to engage in sexual intercourse with MV3 (PSR ¶ 26).

**Government's Sentencing Memorandum**                                                              **Page 4**

Two further minor victims in the "Unholy girls" group were discovered to have self-produced child sexual abuse material after they were groomed by defendant. Minor Victim 4, (MV4), is an 11-year-old girl in Arkansas that sent photos and videos of her vagina in a conversation with defendant (PSR ¶ 87). Minor Victim 5 (MV5), is a 13-year-old girl in Michigan who defendant urged repeatedly to produce and send him sexually explicit content (PSR ¶ 87a). In that conversation, defendant revealed the purpose of his group, "Unholy girls":

> **Defendant:** You get videos based on what you're willing to send me if just a pic [sic] then just pics [sic] fingering or rubbing you'll get full videos and if you do more you'll get anything
> **MV5:** I thought you were lying just so I'd send you shit, but you actually have kids sending you videos and stuff?
> **Defendant:** I'm also a kid

MV5 eventually sent a video of herself masturbating in response to defendant's repeated requests (PSR ¶ 87b).

Defendant's phone was searched after his arrest pursuant to a warrant. His phone contained over 120 videos of child sexual abuse material. His phone also contained evidence of the "Unholy girls" group and the images that were discussed in his Discord conversations with MV1, MV2, MV4 and MV5.

### B. The Charges

Defendant waived indictment and was charged in a five-count Information with one Count of Coercion and Enticement of a Minor, in violation of Title 18, United States Code, Section 2422(b), three Counts of Sexual Exploitation of Children, in violation of Title 18, United States Code, Section 2251(a), and one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(b). On December 20, 2024, defendant pled

guilty to Counts 1 and 2, charging Coercion and Enticement and the Sexual Exploitation of children.

## II.    GUIDELINES COMPUTATION AND PLEA AGREEMENT

Pursuant to the plea agreement, in exchange for a guilty plea, the government will recommend that defendant receive a three-level reduction for acceptance of responsibility. The government and defense stipulated to the following guideline computation in the plea agreement:

**Count 1 - Coercion and Enticement:**

| | |
|---|---|
| Base offense level [USSG § 2G1.3(a)(3)] | 28 |
| Knowing misrepresentation of identity [§ 2G1.3(b)(2)] | +2 |
| Use of computer [§ 2G1.3(b)(3)] | +2 |
| Minor had not attained 12 years [ § 2G1.3(b)(5)] | +8 |
| Repeat and Dangerous Sex Offender [ § 4B1.5] | +5 |
| **Adjusted offense level** | **45** |

**Count 2 - Sexual Exploitation of Children:**

| | |
|---|---|
| Base offense level [USSG § 2G2.1(a)] | 32 |
| Minor had not attained 12 years [§ 2G2.1(b)(1)] | +4 |
| Commission of a Sex Act [§ 2G2.1(2)(A)] | +2 |
| Knowingly engaged in distribution [§ 2G2.1(b)(3)] | +2 |
| Sadistic and Masochistic [§ 2G2.1(b)(4)] | +4 |
| Repeat and Dangerous Sex Offender [ § 4B1.5] | +5 |
| **Adjusted offense level** | **49** |

The parties agreed to an additional variance based on defendant's history of substance abuse and early resolution of the case.

## III.    DISCUSSION

### A.  Plea Agreement

The plea agreement differs from the presentence report, resulting in an adjusted offense level of 45 and 49, respectively rather than 52 (Plea Agreement ¶ 8). The presentence report adds three levels pursuant to USSG § 3D1.4 for multiple count adjustment (PSR ¶ 81). The parties did not

**Government's Sentencing Memorandum**                                                                                                       **Page 6**

contemplate the multiple count adjustment. The parties agree that, under 18 U.S.C. § 3553(a), a four-level downward variance from the advisory sentencing guideline range calculated by the Court is appropriate, resulting in an adjusted advisory guideline range of 210 to 262 months of imprisonment, based on several factors, including his involvement in treatment and an early resolution to the case (PSR ¶ 10). The parties jointly agreed to a recommend a sentence of 246 months, which is the middle of the guideline range after this four-level variance (PSR ¶ 11). The government reserved the right to seek any term of supervised release within the statutory range under 18 U.S.C. § 3583(k), which is any term of years not less than 5, or life (*Id*).

### B. Government's Recommended Sentence

The United States respectfully requests the following sentence: (1) term of imprisonment of 246 months, (2) a lifetime term of supervised release, with the conditions recommended by probation, (3) a $100 special assessment, (3) minimum restitution in the amount of $3,000 for MV1, MV2 and MV3.

### C. Analysis

The guidelines provide the starting point and initial benchmark for sentencing that "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 350 (2007); *see also Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013); *Gall v. United States*, 552 U.S. 38, 49 (2007).

Once the Court correctly computes the guidelines, it may vary from the advisory range if justified under the factors set out in 18 U.S.C. § 3553(a), including the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§ 3553(a)(1)-(2); *see also United*

**Government's Sentencing Memorandum**      **Page 7**

*States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc) (reciting sentencing procedure). Other factors include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

Defendant's actions merit the recommended 246 months of imprisonment. An analysis of the factors set out in 18 U.S.C. § 3553(a) also shows that he cannot be in the community unsupervised and should be subject to a lifetime term of supervised release. Child exploitation offenses are extremely serious crimes that "result in perpetual harm to victims and validate and normalize the sexual exploitation of children." *Report to the Congress: Federal Child Pornography Offenses*, United States Sentencing Commission (December 2012), at vi.

Defendant committed his prolific online abuse on an expedited timeline. He was indiscriminate in his choice of victims and groomed them ruthlessly – amassing a large amount of self-produced child sexual abuse material that he collected for his own depraved benefit. By pretending to be 17 years old, he was able to quickly befriend children, make them feel safe, and use them to satisfy his sexual appetite. His victims were as young as 10-years-old and ranged up to 13 years of age. When he added these minor victims to his Discord group chat, he continued to watch them circulate videos so that he could further achieve his most depraved desires – to collect new videos of child sexual abuse material. His crimes may have only spanned three months, but he was able to collect and exploit five children in that short amount of time. The true extent of the harm and trauma that he inflicted upon these juvenile victims cannot be overstated.

*United States v. Super*, No. 3:23-cr-05233-BHS, 2023 WL 5952715, at *3 (W.D. Wash. Sept. 13, 2023) ("Harm caused by sexual abuse and exploitation of minor children is incalculable").

The harm that defendant caused is exacerbated by his mastery of child grooming techniques. Defendant can change the tone, content, and language of his messages with children according to their age and sexual experience level – allowing him to manipulate even the youngest children into sending him sexually explicit videos of themselves. Stickney convinced these children to perform sex acts for him in exchange for access to his own reserve of sexual videos and photos – capitalizing on their curiosity and naivety. These children were tools for Stickney – quickly generating original content that he otherwise would not have access to. Congress has recognized that "where children are used in its production, child pornography permanently records the victim's abuse and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996). Defendant's demonstrated sexual interest in minors, his ability to expertly groom even the youngest children, and the fact that he was able to gather at least five victims in only three months compels the conclusion that he should be subject to a lifetime of supervised release. *See United States v. Brugnoli-Baskin*, No. 2:22-MJ-00499-MAT-LK, 2022 WL 16636429, at *5 (W.D. Wash. Nov. 2, 2022).

Defendant used his carefully-honed grooming skills to manipulate young children into producing bespoke child pornography. His conduct warrants a 246-month sentence. Further, because of the seriousness and prolific nature of the offense, Stickney's ability to expertly maneuver the internet to locate victims and groom them into illicit sexual activity, and the extreme harm and danger he has caused to minor children, the government asks the Court to

**Government's Sentencing Memorandum**                                                                 **Page 9**

offset those concerns with a longer period of supervised release than what U.S. Probation is recommending. The statute allows a term of five years to life. 18 U.S.C. § 2583(k). Probation recommends 10 years. The government asks the Court to impose a lifetime term of supervision.

### D. Restitution

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court," and shall be imposed "in addition to any other civil or criminal penalty authorized by law." 18 U.S.C. §§ 2259(a), (b)(1), (b)(4). The term "victim" includes both "the individual harmed as a result of a commission of a [child pornography] crime," and, if the victim is under 18, "the legal guardian of the victim" or "another family member." 18 U.S.C. § 2559(c). Under § 2259(b)(2)(B), each victim that makes a restitution request must receive at least $3,000 in restitution.

The government has communicated these rights to the minor victims in this case that have been identified. The government has not received any documentation or restitution requests for MV1, MV2 or MV3.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of 246 months, followed by a lifetime term of supervised release.

Dated: April 2, 2025                                                Respectfully submitted,

                                              WILLIAM M. NARUS
                                              Acting United States Attorney

                                              */s/ Eliza Carmen Rodriguez*
                                              ELIZA CARMEN RODRIGUEZ
                                              Assistant United States Attorney